**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1593 |
| Plaintiff - Appellee, | D.C. No. 4:21-cr-00077-BLW-1 |
| v. | |
| JEREMY JAMES CARPENTER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted May 29, 2024**

Before:   FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Jeremy James Carpenter appeals from the district court's judgment and

challenges his guilty-plea conviction for possession of a firearm by a prohibited

person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In his plea agreement, Carpenter preserved his right to appeal the district court's denial of his motion to suppress the evidence found in his car when it was searched after he was arrested on a parole violation. Carpenter contends that the district court should have suppressed that evidence because, under Idaho law, an agent's warrant was required to effectuate Carpenter's arrest. As the district court explained, however, the Fourth Amendment does not require a warrant to arrest a parole violator. *See Sherman v. U.S. Parole Comm'n*, 502 F.3d 869, 883-84 (9th Cir. 2007). The state statutory violation alleged by Carpenter does not transform his arrest into a constitutional violation. *See Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("[W]hile States are free to regulate [warrantless] arrests however they desire, state restrictions do not alter the Fourth Amendment's protections.").

Carpenter next contends that his conviction is infirm because 18 U.S.C. § 922(g)(1) violates the Second Amendment. As Carpenter acknowledges, his appeal waiver, which expressly applies to "any right to appeal" his conviction and sentence, and "any challenge to the constitutionality of any statute of conviction," bars this claim. *See United States v. Goodall*, 21 F.4th 555, 561-65 (9th Cir. 2021). This court has not previously applied a "miscarriage of justice" exception to the enforcement of an appeal waiver, and we decline to do so here.

**AFFIRMED in part; DISMISSED in part.**